UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

Gary Panton,
    Plaintiff

CIV19- 5078

**Complaint**

v.

CrossCountry Courier d/b/a
CrossCountry Freight Solutions,
    Defendant.

---

Plaintiff, Gary Panton, by and through counsel of record, Heather Lammers Bogard, hereby states and alleges as follows:

### PARTIES/JURISDICTION

1. Gary Panton is a resident of Rapid City, South Dakota.

2. Defendant CrossCountry Courier d/b/a CrossCountry Freight Solutions [hereinafter CrossCountry] is a North Dakota corporation.

3. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over the parties.

4. Pursuant to 42 U.S.C. § 2000e-5(f), this Court has jurisdiction over this matter.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391, because Plaintiff is located in Rapid City, South Dakota and all of the events or omissions giving rise to the claims occurred in Rapid City, South Dakota.

## PROCEDURAL BACKGROUND

6. Gary Panton initiated a charge of discrimination against Defendant on or about March 26, 2018.

7. On or about June 18, 2019, Julianne Bowman, District Director for the U.S. Equal Employment Opportunities Commission, determined that there was reasonable cause to believe Defendant discriminated against Plaintiff when Defendant terminated Plaintiff's employment "based on association with his disabled spouse in violation of the ADA."

8. Director Bowman further determined that there was reasonable cause to believe that Defendant's Drug Free Workplace policies and procedures "make unlawful disability-related inquiries in violation of the ADA."

9. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on September 4, 2019.

## GENERAL ALLEGATIONS

10. Plaintiff was employed by CrossCountry during the relevant time frame.

11. Plaintiff's wife has been diagnosed with Parkinson's disease, fibromyalgia, arthritis; she has had a bilateral knee replacement and bilateral rotator cuff repair; she has difficulty moving her arms and walking.

12. On or about December 14, 2017, Plaintiff advised Defendant that he would be leaving at 2:00pm on January 18, 2018, and would be off work on January 19, 2018, using paid time off.

13. On or about December 16, 2017, Plaintiff advised his direct supervisor that he was taking the leave to care for his disabled wife who was having surgery.

14. There was discussion between Plaintiff and Defendant concerning whether Plaintiff would be taking FMLA leave; ultimately, Plaintiff was advised that he was not eligible for FMLA leave, due to there not being enough employees at his location.

15. Plaintiff's wife underwent surgery on January 18, 2018.

16. On January 19, 2018, Plaintiff confirmed that he would be returning to work on Monday, January 22.

17. Later that day, on January 19, 2018, Plaintiff was fired via telephone.

## COUNT I – DISCRIMINATION UNDER ADA

18. Plaintiff realleges and incorporates paragraphs 1 to 17 as though they were fully set forth herein.

19. Plaintiff's wife suffers from Parkinson's disease, fibromyalgia, arthritis, bilateral knee replacement, bilateral rotator cuff surgery, and other ailments and is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2.

20. When Plaintiff sought time off to care for his wife after foot surgery, he suffered an adverse employment action, that is, he was terminated.

21. Upon information and believe, Defendant's Drug Free Workplace policies and procedures "make unlawful disability-related inquiries in violation of the ADA."

22. Defendant's conduct as described in this Complaint constitutes discrimination based on disability in violation of Title I of the ADA, 42 U.S.C. § 12111 *et seq.,* and its implementing regulation, 29 C.F.R. § 1630, in the following ways:

   a. By terminating Plaintiff due to his taking time off from work to care for his disabled wife in violation of 42 U.S.C. § 12101(b)(1); and

    b. By instituting and executing policies and procedures that are in violation of 42 U.S.C. § 12012(d)(4)(A) and 24 C.F.R. § 1630.14(c).

23. Defendant's discrimination was intentional, malicious and reckless.

24. As a result of his termination from employment, Plaintiff lost substantial income and suffered other compensatory damages, including but not limited to mental anguish, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendant as follows:

1. General, compensatory, special, pecuniary and punitive damages to be proven at trial;
2. Any and all costs and disbursements incurred in this action, including attorney's fees;
3. Pre-and post-judgment interest; and
4. For such other relief as the Court may deem just and equitable under the circumstances.

Dated this 3rd day of December, 2019.

        **COSTELLO, PORTER, HILL, HEISTERKAMP, BUSHNELL & CARPENTER, LLP**

        *[signature]*

        Heather Lammers Bogard
        PO Box 290
        Rapid City, SD  57709
        605-343-2410
        *Attorneys for Plaintiff*

**PLAINTIFF DEMANDS A TRIAL BY JURY**

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gary Panton

### DEFENDANTS
CrossCountry Courier d/b/a CrossCountry Freight Solutions

(b) County of Residence of First Listed Plaintiff: Pennington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Burleigh County, ND
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Heather Lammers Bogard, Costello Porter Law Firm, PO Box 290, Rapid City, SD 57709, 605-343-2410

Attorneys *(If Known)*
Shannon McDonough, Fafinski, Mark & Johnson, PA, Flagship Corporate Center, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344, 952-995-9500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 12111 et seq., 29 CFR 1630

Brief description of cause:
Termination of employment based on association with disabled spouse in violation of ADA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 455,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/03/2019

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____